# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:    **WALMART INC.,** which may be served with process **by serving its registered agent, CT CORPORATION SYSTEM, at 1999 Bryan St., Suite 900, Dallas, TX 75201** or wherever he/she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **205ᵗʰ Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 30ᵗʰ day of August, 2019 by Attorney at Law, RODRIGO V. RAMOS, 109 N. OREGON, 12ᵀᴴ FLOOR, EL PASO, TX 79901, in this case numbered **2019DCV3406** on the docket of said court, and styled:

**CONCEPCION HERNANDEZ**
**VS**
**WALMART INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure, Plaintiff's Request for Admissions, First Set of Interrogatories to Defendant and Request for Privilege Log, Plaintiff's First Request for Production of Documents and Things to Defendant and Privilege Log, and Jury Request** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 13ᵗʰ day of September, 2019.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:  __NORMA FAVELA BARCELEAU__   District Clerk
El Paso County, Texas

By: _____, Deputy
Veronica Cables

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."



**EXHIBIT "A"**

## RETURN

Came on hand on _____ day of _____, 20____, at _____ o'clock ____.M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition and Request for Disclosure, Plaintiff's Request for Admissions, First Set of Interrogatories to Defendant and Request for Privilege Log, Plaintiff's First Request for Production of Documents and Things to Defendant and Privilege Log, and Jury Request**, at the following times and places, to-wit:

| NAME | DATE | | | TIME | | | Place, and Course and Distance From Court House |
|------|------|------|------|------|------|------|--------------------------------------------------|
|      | MONTH | DAY | YEAR | Hour | Min. | .M. |  |
|      |      |      |      |      |      |      |  |
|      |      |      |      |      |      |      |  |
|      |      |      |      |      |      |      |  |
|      |      |      |      |      |      |      |  |
|      |      |      |      |      |      |      |  |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

FEES—SERVING ____ copy ____ $ _____  _____ Sheriff

_____  _____ County, Texas

Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,

_____ on the _____ day of _____,

20_____, at _____o'clock ____m. this copy of this instrument.

_____, Sheriff/Agent

_____County, Texas

By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

**(SEAL)**

_____

**NOTARY PUBLIC, STATE OF TEXAS**

El Paso County - 205th District Court

Filed 8/30/2019 9:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3406

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

CONCEPCION HERNANDEZ,                    §
                                         §
        Plaintiff,                       §
                                         §
vs.                                      §        Cause No. 2019-DCV_____
                                         §
WALMART INC.,                            §
                                         §
        Defendant.                       §

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CONCEPCION HERNANDEZ (hereinafter referred to as "Plaintiff"), complaining of WALMART INC., (hereinafter referred to as "Defendant WALMART") and for a cause of action would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Pursuant to Rule 190, Plaintiff requests discovery in this case be conducted in Level III.

### II. PARTIES

Plaintiff is a resident of El Paso County, Texas. The last three numbers of Plaintiff's social security number are 209.

Defendant WALMART INC. is a Delaware Corporation doing business in El Paso County, Texas and may be served with process by serving its registered agent, C. T. Corporation System and/or any other authorized officer or agent at 1999 Bryan St., Suite 900, Dallas, TX 75201 or wherever they may be found.

### III. FACTS

The injuries and damages suffered by Plaintiff and made the basis of this action arose out

of an incident that occurred on or about April 10, 2019, in El Paso County, Texas. At such time and place, Plaintiff was getting ready to exit the store through the garden area. Plaintiff handed the receipt to Defendant WALMART's employee in order for him to inspect it when suddenly an inappropriately secured umbrella that Defendant WALMART permitted its employee to use to shield himself from the sun, blew away and struck Plaintiff on her head. Defendant DOE, in the course and scope of his employment with Defendant WALMART, was negligently using an inappropriately secured umbrella under the weather circumstances and failed to warn Plaintiff. Plaintiff received injuries to her head and arm as a result of the incident.

Defendant WALMART and its associate employee were under the exclusive responsibility, control and supervision of the Defendant WALMART. Defendants owned and operated store #2201 and were responsible for the general safety of store #2201 and for supervising its employees.

## IV. PREMISES LIABILITY

While upon Defendant WALMART's premises and under its control, Plaintiff suffered damages and injuries caused by a dangerous condition on the premises, which Defendant WALMART actually knew or, in the exercise of ordinary care, should have known existed.

Defendant WALMART negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant WALMART actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened to Plaintiff.

## V. NEGLIGENCE OF DEFENDANT WALMART

Plaintiff alleges that the occurrence and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant WALMART:

1. Negligent hiring, supervision and retention of its employees;
2. Failure to properly train and supervise its employees and agents;
3. Failure to establish and enforce safety rules and regulations;
4. Failure to maintain and exercise proper control and management of policies, procedures and protocols for the safety of customers;
5. Failing to keep a proper lookout of invitees;
6. Failing to protect the safety of Plaintiff;
7. Failing to properly secure the umbrella;
8. Failure to install warning signs;
9. Failure to remove the umbrella;
10. Failure to close the umbrella;
11. Failure to warn Plaintiff of the dangers;
12. Failure to use due care under the weather circumstances;
13. Failing to maintain the area in a reasonably safe condition;
14. Failure to pay attention;
15. Other negligence to be discovered during discovery.

Each act and omission is other than what a reasonable person would have done under the same or similar circumstances. As such, each negligent act and omission, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below.

## VI. DAMAGES

As direct and proximate result Defendant's negligence, Plaintiff suffered bodily injuries, and incurred expenses for medical care, attention and other expenses. The expenses were necessary for the care and treatment of injuries sustained by Plaintiff. The expenses incurred and to be incurred are usual and customary for such services. Plaintiff will require further medical care and attention and will incur reasonable and necessary medical expenses in the future. Plaintiff was unable to work, lost wages and earning capacity, and will continue to suffer from a loss of earning capacity in the future. Plaintiff was prevented from performing household duties and will

3

continue to be unable to perform them in the future. Plaintiff has suffered, and will continue to suffer, pain and suffering. Plaintiff has suffered, and will continue to suffer, impairment to his body. Plaintiff has suffered, and will continue to suffer, mental pain and anguish. Plaintiff has suffered disfigurement. Plaintiff will, in reasonable probability, suffer from pain, physical impairment, mental anguish and loss of earning capacity in the future. Plaintiff has suffered total damages that are within the jurisdictional limits of this Court.

Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought; however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests that the jury be fair and reasonable in its determination of actual damages in an amount of over $100,000.00 but no more than $200,000.00.

## VII. TRIAL EVIDENCE

Plaintiff hereby notifies Defendant WALMART that Plaintiff intends to use Defendant WALMART's discovery answers and responses, including any evidence produced in response to such discovery, as evidence in trial in accordance with such right and privileges established by Tex. R. Civ. P. 193.7.

## VIII. JURY REQUEST

Plaintiff respectfully requests a trial by jury.

## IX. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendant is requested to disclose within the time period set forth in Tex. R. Civ. P. 194.3 the information or material described in Rule 194.2(a) - 194.2(l).

4

## X. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendant for all relief requested, for costs, pre-judgment and post judgment interest, and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
rramos@scherrlegate.com

*/s/ Rodrigo V. Ramos*
**RODRIGO V. RAMOS**
State Bar No. 00794494

5

Filed 8/30/2019 9:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3406

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| CONCEPCION HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV_____ |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:   DEFENDANT WALMART INC.

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to:

(1)  Admit or deny each of the attached requests for admissions.

(2)  In connection with the requests, make a written response, sign the same and deliver it to the attorney of record for the Plaintiff herein within 30 days after the date of service.

You are also instructed as follows:

(1)  If you do not admit the truth of the facts stated in a request for admission, you must specifically deny the same describing in detail the facts upon which YOU rely to deny same, or state that you cannot either admit or deny same, setting forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

(2) Each matter for which an admission is requested shall be deemed admitted unless your response is served on the undersigned attorney during the period of time set forth above.  If you deny request for admission and the Plaintiff thereafter prove the truth of such matter, you may be ordered to pay the cost of proof, including Plaintiff's attorneys.

(3)  Your failure to respond as required by the Federal Rules of Civil Procedure to these

requests within the time required may result in the imposition of sanctions.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
rramos@scherrlegate.com

*/s/ Rodrigo V. Ramos*
**RODRIGO V. RAMOS**
State Bar No. 00794494

## REQUEST FOR ADMISSIONS

1. Admit or deny Defendant did have actual or constructive knowledge of an inappropriately secured umbrella open when Plaintiff was injured.

2. Admit or deny the inappropriately secured umbrella did pose an unreasonable risk of harm to the Plaintiff under the weather circumstances.

3. Admit or deny the inappropriately secured umbrella created a dangerous condition to Plaintiff.

4. Admit or deny you did not exercise reasonable care in reducing or eliminating any risk of harm to the Plaintiff.

5. Admit or deny your acts and/or omissions were a proximate cause of the Plaintiff's injuries.

6. Admit or deny your acts and/or omissions were the sole proximate cause of the Plaintiff's occurrence and/or injuries.

7. Admit or deny you failed to keep a proper lookout for Plaintiff's safety.

8. Admit or deny Defendant's failure to keep a proper lookout was a proximate cause of any injuries sustained by Plaintiff.

9. Admit or deny Plaintiff's conduct was not a proximate cause of Plaintiff's injuries.

10. Admit or deny you know of witnesses to this occurrence.

11. Admit or deny Plaintiff suffered physical pain and suffering as a result of the occurrence.

12. Admit or deny Plaintiff suffered medical expenses in the past as a result of the occurrence.

13. Admit or deny Plaintiff will suffer medical expenses in the future as a result of the occurrence.

14. Admit or deny Plaintiff suffered from physical impairment in the past as a result of the occurrence.

15. Admit or deny Plaintiff will suffer from physical impairment in the future as a result of the occurrence.

16. Admit or deny Plaintiff suffered from mental anguish in the past as a result of the occurrence.

17. Admit or deny Plaintiff will suffer from mental anguish in the future as a result of the occurrence.

18.    Admit or deny you saw the incident involving Plaintiff happen.

19.    Admit or deny that Defendant's employee was using the improperly secured umbrella to shield himself from the sun.

20.    Admit or deny you were aware that the umbrella was not properly secured.

21.    Admit or deny that you were aware of the windy weather.

22.    Admit or deny you were aware that the inappropriately secured umbrella could blow away because of the windy weather.

23.    Admit or deny you did not warn customers that the umbrella was inappropriately secured.

24.    Admit or deny that you did not post any warning signs that the umbrella was inappropriately secured

25.    Admit or deny that you did not close or store away the umbrella.

26.    Admit or deny that Defendant Walmart had cameras recording the location of the incident at the time of the incident.

27.    Admit or deny this is not the first time someone has been injured at the premises of Defendant Walmart due to its failure to properly train its employees.

4

El Paso County - 205th District Court

Filed 8/30/2019 9:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3406

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| CONCEPCION HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV_____ |
| | § | |
| WALMART INC., | § | |
| | §· | |
| Defendant. | § | |

**FIRST SET OF INTERROGATORIES TO DEFENDANT**
**AND REQUEST FOR PRIVILEGE LOG**

TO:   DEFENDANT WALMART INC.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce any of the above information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived

unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG**- Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51)** days after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
rramos@scherrlegate.com

*/s/ Rodrigo V. Ramos*
**RODRIGO V. RAMOS**
State Bar No. 00794494

2

**INTERROGATORIES**

1.   Describe this Defendant.  Please include information on the State of Incorporation, if any, date of incorporation, address of Defendant's registered office within such state, and the address of Defendant's principal place of business.

2.   Describe with particularity the relationships and agreements between the named Defendant and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the premises made the subject of this suit.

3.   Please describe how Plaintiff's alleged occurrence happened, giving all events in detail in the order in which they occurred, before, at the time of, or after the occurrence, which had any bearing on the cause and manner of the happening of the occurrence.

4.   Please state what precautions, if any, were taken by you or any agent or employee of any Defendant, on the date of, prior to, and after the date of the Plaintiff's alleged occurrence, to prevent injuries to users and invitees of the area where the occurrence happened.

5.   Please describe in detail each action or activity of the Plaintiff from the time you or any agent or employee of any Defendant first observed the Plaintiff before, at, and subsequent to the time of the occurrence.

6.   Please state whether and what assistance was rendered to the Plaintiff immediately after the Plaintiff's occurrence, particularly with regard to the physical condition of the Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of the Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of the Plaintiff clothing (disarranged, torn, dirty or otherwise).

7.   Please state the name, address and phone number of each person who inspected the premises made the basis of this lawsuit within thirty (30) minutes of this incident, their employment, date, date of termination of employment, if any, qualifications, job title and other pertinent employment information.

8.   Describe any examination or inspection made by you or any agent or employee of yours, of the premises where the Plaintiff alleges that the occurrence happened prior to the alleged occurrence, including whether there was an in store video of the area in question at the time of the incident,  the date and time of the day of such examination or inspection (including whether you reviewed the in store video and what it showed), the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination or inspection consisted, the complete details of what such examination or inspection revealed or showed, and the complete details of each and every act or activity done or undertaken by you or any agent or employee of any Defendant as a result of any condition or circumstance disclosed by such examination.

9.   Identify the store manager, store greeter, storekeeper and any and all other persons with responsibility for maintenance of the premises at the time of the alleged occurrence, and please state fully what arrangements Defendant had for use, instruction and the maintenance of the premises at the time of the alleged occurrence.

10.   Please state in detail each act or omission by each person which you contend contributed to cause the alleged occurrence.

11.   Please give the substance of any and all conversations, communications, or statements made by or between the Plaintiff and you or any agent or employee of any other Defendant relative to the alleged occurrence.

12.   Please give the name and address of anyone (except an expert who will not testify at trial) who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

   a.   Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and photographs or videotapes showing the Plaintiff (including in store video);
   b.   State the number of photographs taken.
   c.   State the date when each photograph was taken.
   d.   State the name, address and phone number of the person conducting any type of surveillance of Plaintiff.

13.   Describe in detail any facts you know which are inconsistent with the testimony, interrogatories, or information propounded to you by the Plaintiff.

14.   For each claim in the past five years at the location where the incident happened in El Paso, Texas where it was alleged that you were negligent when a customer got injured in one of your stores, describe the following:

   a.   The name, address and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, findings, judgment and settlements thereon.
   b.   The name and address of the Plaintiff;
   c.   The date of such injury or incident;
   d.   Style and location of the lawsuit;
   e.   Name and address of Plaintiff(s) attorney;
   f.   Nature of Plaintiff(s) injuries; and
   g.   The basis upon which you denied responsibility.

15.   What is Defendant's policy regarding inappropriately secured items and the use by employees of inappropriately secured items during severe weather?

4

Filed 8/30/2019 9:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3406

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| CONCEPCION HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV_____ |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT AND PRIVILEGE LOG

TO:   DEFENDANT WALMART INC.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and control by **10:00 a.m.**

**FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

1

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Texas Rule of Civil Procedure 196.3 (c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

2

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any listed witness.

**PRIVILEGE LOG** - Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51)** days after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
rramos@scherrlegate.com

*/s/ Rodrigo V. Ramos*
**RODRIGO V. RAMOS**
State Bar No. 00794494

3

## ITEMS TO BE PRODUCED

1. Store video of the area of Plaintiff's injury for the date of this incident.

2. Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depictions or other tangible evidence concerning the scene of the occurrence involved in this case or the parties or witnesses to this case.

3. All investigation reports, incident reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to the notice of a claim from Plaintiff's attorney.

4. The manager's report(s) regarding the accident.

5. Any employees' report(s) regarding this incident.

6. Any photographs and videotapes of any surveillance of Plaintiff.

7. Inspection and photographing of the area of the occurrence made the subject of this suit.

8. Any documents containing the name, address and telephone number of each employee, agent or representative of Defendant on the area of the premises at the time of the occurrence made the subject of this suit.

9. All maintenance records and reports concerning the location made the subject of this suit.

10. All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the floor/area conditions, building code violations, health department violations and citations, OSHA notices, safety violations and other condition or improvements for this facility.

11. All management contracts and maintenance agreements for the area made the subject of this suit.

12. The Declaration Sheet and policy of insurance insuring Defendant in this claim and any excess policies.

13. All statements made by Plaintiff.

14. All estimates, work orders, invoices, contracts, inspection reports and pictures of the site of this incident on Defendant's premises made the subject of this suit.

15. The accident report made by Plaintiff.

16. All investigation reports, incident reports, accident reports, statements and any witnesses concerning any other slip and fall complaints, incidents, and/or claims against this

4

Defendant in El Paso, Texas.  For each claim against you where it was alleged that someone was injured due to a slip and fall and/or a substance on the floor, please provide:

a.     Copy of all incident reports, accident reports and investigative files.
b.     Copies of all pleadings, judgments and settlements thereon.
c.     Any documents which reflect the name and address of the Plaintiff.
d.     Any documents which reflect the date of the lawsuits.
e.     Any documents which reflect the style and location of the lawsuit.
f.     Any documents which reflect the name and address of Plaintiff's attorney.
g.     Any documents which reflect the nature of Plaintiff's injuries.

17.     Any documents showing the names, addresses and telephone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit. This includes investigators and insurance adjusters who have taken statements or photographs or other action in this case.

18.     Any documents showing the names, addresses, qualifications and telephone numbers of all expert witnesses who you will call to testify or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. Produce any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert. If the discoverable factual observations, test, supporting data, calculations, photographs or opinion of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

19.     Any manual processes, procedure or brochure concerning inspection, cleaning or maintenance of the area.

20.     Any rules, regulations, policy or manual concerning cleaning of the area.

21.     The daily work record of persons responsible for maintenance of the area.

22.     All medical records of Plaintiff received by Defendant.

23.     Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude. Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

**PURSUANT TO TEXAS RULES OF EVIDENCE 609, THIS IS YOUR ADVANCE WRITTEN NOTICE THAT WE INTEND TO USE ANY ADMISSIBLE INFORMATION ABOUT YOUR CRIMINAL HISTORY AT THE TRIAL OF THIS**

**LAWSUIT.**

24. Any deposition transcripts, trial transcripts or other recorded testimony of witnesses, listed by Plaintiff.

25. Any and all electronic or magnetic data concerning any of the items requested in any request for production served upon Defendant is hereby requested to be produced in the specific form of printed material, pursuant to Texas Rules of Civil Procedure 196.4.

26. All correspondences sent by Defendant and their representatives to Plaintiff's health care providers.

27. All written information and correspondences from Plaintiff's healthcare providers.

28. Any witness statements of the incident.

6

El Paso County - 205th District Court

Filed 8/30/2019 9:09 AM
Norma Favela Barceleau
District Clerk
El Paso County
2019DCV3406

IN THE COUNTY COURT AT LAW NUMBER _____
_____ JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| CONCEPCION HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2019-DCV_____ |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |

## JURY REQUEST

On this the 30th day of August, 2019, the Plaintiff having demanded a jury, it is hereby

ordered that the above styled and numbered cause be placed upon the jury docket on payment of

the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 voice
(915) 532-1759 facsimile
rramos@scherrlegate.com

*/s/ Rodrigo V. Ramos*
**RODRIGO V. RAMOS**
State Bar No. 00794494

IN THE 205TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| CONCEPCION HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2019DCV3406 |
| | § | |
| WALMART INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART INC. (proper entity being "Wal-Mart Stores Texas, LLC") files its Answer to Plaintiff's Petition ("Petition"), and in support thereof would respectfully show the Court as follows:

## I.

## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all material allegations contained in Plaintiff's Petition and demand strict proof thereof as required by law.

## II.

## DEFENSES

A.     The acts and omissions of certain non-parties to this lawsuit were the sole proximate cause of the occurrence and any alleged injuries or damages claimed by Plaintiff.

B.     To the extent Plaintiff suffered any injuries or damages as described in Plaintiff's Amended Petition, which Defendant denies, those injuries and damages were proximately caused by the acts or omissions of persons and/or entities over whom Defendant has no control and for whom Defendant has no liability.

C.      Plaintiff's injuries and damages, if any, may have resulted from pre-existing and/or unrelated condition(s), and thus were not proximately caused by the occurrence made the basis of this lawsuit.

D.      Plaintiff's injuries and damages, if any, may have resulted from subsequent events or conditions that constitute new and intervening causes, which were not proximately caused by Defendant.

E.      Plaintiff's injuries and damages, if any, may have been the result of an unavoidable accident as that term is defined and recognized by law.

F.      The injuries and damages sustained by Plaintiff, if any, can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contributions of such causes to the harm sustained.

G.      Defendant pleads Texas Civil Practice and Remedies Code Section 41.0105, which limits Plaintiff's recovery of medical expenses.

H.      Defendant pleads the provisions of the Texas Finance Code, Section 304.1045, which prohibits the recovery of prejudgment interest on any award of future damages.

I.      Plaintiff's recovery for lost earnings, lost earning capacity, or other pecuniary loss, if any, must be limited to the net loss after reduction for income tax payments or unpaid tax liability pursuant to federal income tax law pursuant to Tex. Civ. Prac. & Rem. Code Section 18.091(a).

**III.**

**AFFIRMATIVE DEFENSES**

In the alternative, and without waiving the foregoing, Defendant asserts the following affirmative defenses:

A.      Plaintiff's injuries and damages, if any, may have been proximately caused by Plaintiff's own negligence, which bars recovery or, in the alternative, reduces it proportionately.

B.     To the extent Plaintiff failed to act reasonably to mitigate alleged damages, if any, Defendant is not responsible for any damages that could have been avoided.

## IV.

## JURY DEMAND

Defendant requests trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays to the Court that it be allowed to go hence without day and with its costs.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By: ____/s/ Laura Enriquez_____
        Laura Enriquez
        State Bar No. 00795790
Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 8th day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), and served electronically to the following counsel of record:

Rodrigo V. Ramos
Scherr Legate, PLLC
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
ramos@scherrlegate.com

__/s/ Laura Enriquez_____
Laura Enriquez

IN THE 205TH JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

CONCEPCION HERNANDEZ,                §
                                     §
            Plaintiff,               §
                                     §
v.                                   §        Cause No. 2019DCV3406
                                     §
WALMART INC.,                        §
                                     §
            Defendant.               §
                                     §
                                     §

## DEFENDANT'S JURY DEMAND AND SUBMISSION OF FEE

COMES Defendant WALMART INC., having filed with the clerk of the court a written

request for jury trial in compliance with Texas Rule of Civil Procedure 216(a), herewith deposit

with the clerk the jury fee of FORTY DOLLARS ($40.00).  The clerk, pursuant to Texas Rule of

Civil Procedure 216(b), is requested to promptly enter a notation of payment of such fee upon

the court's docket sheet.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone:  (915) 532-2000
Telefax: (915) 541-1597
enriquez@mgmsg.com

By:  ___*/s/ Laura Enriquez*_____
        Laura Enriquez
        State Bar No. 00795790
        Attorneys for Defendant

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 8th day of October 2019, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

Rodrigo V. Ramos
Scherr Legate, PLLC
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100

_/s/ Laura Enriquez_____
Laura Enriquez